

In The
Court of Appeals
Seventh District of Texas at Amarillo

_____

No. 07-22-00132-CV
_____

IN RE STEPHEN PATRICK BLACK, RELATOR

Original Proceeding
Arising From Proceedings Before the 154th District Court
Lamb County, Texas
Trial Court No. DCV-20106-CV; Honorable Felix Klein, Presiding

May 26, 2022

MEMORANDUM OPINION

Before PIRTLE and PARKER and DOSS, JJ.

Pending before this court is a motion to dismiss an original proceeding filed by Relator, Stephen Patrick Black.  On April 25, 2022, he filed a petition for writ of mandamus seeking to compel the Honorable Felix Klein to rule on a pending motion for summary judgment in Relator's defamation suit against Charles P. Woodrick.[1]  Relator has since discovered that the trial court granted the motion in favor of Woodrick on January 28, 2022, obviating the need for mandamus relief.  Relator now asks that his request for

---

[1] *See Black v. Woodrick*, No. 07-20-00083-CV, 2021 Tex. App. LEXIS 2197 (Tex. App.—Amarillo March 23, 2021, no pet.) (mem. op.).

mandamus relief be dismissed. We grant the motion and dismiss the original proceeding with these additional comments.

The trial court's order signed on January 28, 2022, was not filed stamped until April 29, 2022, more than ninety days later.[2] Relator did not timely receive notice of the order as required by Rule 306a(3) which provides in part as follows:

> **3. Notice of Judgment.** When the final judgment or other appealable order is signed, *the clerk of the court shall immediately give notice to the parties* or their attorneys of record by first-class mail advising that the judgment or order was signed.

(Emphasis added).

Relator asserts he made several inquiries with the Lamb County District Clerk on whether an order had been signed and received a "NO" with each inquiry. His most recent inquiry requesting a status update was made by letter dated April 11, 2022, in which he indicated that "[t]ime is of the essence" due to the thirty-day deadline in which to pursue post-judgment filings or an appeal.

By his motion to dismiss, Relator requests that this court intervene to reset the appellate timetable. This court has no authority to do so.

### CONCLUSION

Relator's motion to dismiss this original proceeding is granted. Having dismissed this matter at Relator's request, no motion for rehearing will be entertained.

Per Curiam

---

[2] In a civil case, the date a judgment or other appealable order is signed begins the appellate timetable. *See* TEX. R. APP. P. 26.1.